TELEPHONE (212) 349-9190

# MARTIN J. SIEGEL
ATTORNEY AND COUNSELLOR AT LAW

*Suite 800*
*111 John Street*
*New York, NY 10038-3180*

Member of the Bar of:
New York
California
District of Columbia

October 20, 2013

Honorable Sterling Johnson
US Federal Court House
225 Cadman Plaza
Brooklyn, NY 11201
Fax 1-718-613-2466

Dear Judge Johnson,

RE: U.S.A V. DMITRY SHTEYMAN 10 CR 347 (SJ)

The government has submitted a response dated October 17, 2013 to the defense sentencing memorandum. Once we wade through the sarcasm and personal attacks, the outstanding issues remain the same. That is the defense strenuously disputes that Mr. Shteyman lied or mislead the prosecution team during the period of his cooperation.

A fundamental dispute is whether Mr. Shteyman, over 1 ½ years of cooperation, disclosed his activities to the prosecution team

The government's October 17th is a rehash of their earlier arguments and contain the same mis-statements and mis-characterizations that they have urged on this Court... The record is clear that Mr. Shteyman fully disclosed his involvement in criminal activities during his period of cooperation. The thrust of the government's argument is that Mr. Shteyman lied. If a Fatico hearing were held by this Court it would demonstrate that Mr. Shteyman was honest and candid with the prosecution team.

For example a Fatico hearing would demonstrate that Mr. Shteyman was truthful when he described the amount of money that was given to Dr. Stoff. The record would demonstrate that he gave Dr. Stoff between $8-20,000.00. The government

– 2 –                                         October 20, 2013

continues to argue that Mr. Shteyman said $20,000.00 instead of $8,000-$20,000.00. The evidence would show that Mr. Shteyman, on many occasions stated that it was $8,000-$20,000.00 that was given to Dr. Stoff.

The government continues to raise the issue of Mr. Shteyman's gambling. There is absolutely no proof or evidence that Mr. Shteyman violated any laws or regulations. There is no proof that the monies used over a 15 year period of time were illegally obtained or the product of criminal activity. Yet the prosecution continues throw a red herring in the proceeding urging the fact that when Mr. Shteyman gambled he breached his cooperation agreement. Mr. Shteyman had discussed these issues with the prior prosecution team and prior government counsel was well aware that Mr. Shteyman gambled on occasion.

Another red herring or mis-leading statement made by the prosecution team is Mr. Shteyman's connection with the Sherman Abrams medical facility. The make the argument that Sherman Abrams is under investigation, yet no charges have been filed. Upon information and belief, the may have been some minor civil violations which to date have not been filed.

It is quite telling that the prosecution argued quite vehemently at the February Bail hearing that Metropolitan Specialty Labs, Inc. was under an entity that was under investigation and alluded to Mr. Shteyman's connection with a company that was involved in illegal activity. The result was that the firm was fined $10,000.00 pursuant to a consent decree for failing to have license to conduct testing of certain specimens. Hardly a company engaged in criminal activities. Yet the prosecution tried to paint an incorrect or false picture of the situation that Mr. Shteyman was engaged in criminal conduct. Those accusations were an important consideration that led to Mr. Shteyman being remanded by this Court.

On the first page of their October 17th response they go into the approximately $200,000.00 that was dispensed by Solstice after Mr. Shteyman's arrest. Again this is false since the record would indicate that Mr. Shteyman's name was removed from the account of the day of his arrest and the checks were issued by either Dr. Stoff or someone but not Mr. Shteyman.

 Mr. Shteyman was equally candid when he described the payments of $45,000.00 to several family members. The defendant discussed those transactions at length with the former prosecution team. The defendant would testify that the government was advised on prior occasions with details of the transaction.

A major contention of the government's position is that Mr. Shteyman did not keep pretrial fully informed of all of his business activities. The defense concedes that Mr. Shteyman should have been more forthcoming with pretrial services. In

– 3 –  October 20, 2013

hindsight it was an error in judgment, but certainly not a breach of his cooperation agreement.

The record is clear, which the present prosecution has failed to address to this Court. Mr. Shteyman has not committed any new or additional crimes since his arrest in the instant matter. The normal and usual reason for a breach of cooperation is the commission of new crimes and involvement in illegal activities by a defendant. That is not the case here. Mr. Shteyman has not been arrested or charged with a new charge.

If the Court were to order a Fatico hearing, justice would truly be served. The government would be required to step out of the shadows and put forth evidence that Mr. Shteyman was not truthful in his relationship with the government. There can be no harm or prejudice to either side. At a Fatico hearing the government should be required to produce all notes and memorandum taken during the approximately 10 proffer sessions conducted between the defense and the prosecution. This would allow the Court to be in a position to fairly evaluate the statements and representations by both sides and make a decision based upon a record of evidence and not one of hyperbole.

Respectfully yours,
/S/

MARTIN J. SIEGEL

MJS/gk

cc:  Daniel Kahn, Esq.
     Aisling R. O'Shea, Esq...
     US Attorney's Office
     Via E Mail